**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **United States of America,** | ) CASE NO. 1:15 CR 315 |
| | ) |
| **Plaintiff-Respondent,** | ) JUDGE PATRICIA A. GAUGHAN |
| | ) |
| vs. | ) |
| | ) |
| **Mario Lopez,** | ) |
| | ) **Memorandum of Opinion and Order** |
| **Defendant-Petitioner.** | ) |

**INTRODUCTION**

This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 20). For the following reasons, the motion is DENIED.

**FACTS**

On August 26, 2015, Petitioner was indicted for receiving and distributing computer files that contained visual depictions of real minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2) (Count 1), and possessing child pornography that included an image of a prepubescent minor, in violation of 18 U.S.C. § 2252(a)(5)(B) (Count 2). Petitioner pleaded guilty to the indictment without a plea agreement. On March 14, 2016, the Court sentenced him

1

to 78 months imprisonment, followed by five years of supervised release, and ordered him to pay a $200 special assessment. Petitioner did not appeal his conviction or sentence. On September 22, 2017, more than one year after his judgment became final, Lopez filed the § 2255 petition at issue here.

**STANDARD OF REVIEW**

A federal prisoner may challenge a sentence if it "was imposed in violation of the Constitution or laws of the United States . . . or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To prevail on a § 2255 motion, "the movant must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003). The petitioner has the burden of "sustaining [his] contentions by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

**ANALYSIS**

Petitioner has set forth several grounds as the basis of his § 2255 motion. At the outset, however, the Court must determine whether his motion has been timely filed.

The Government argues that Petitioner's motion is untimely because he filed it more than one year after the Court's judgment became final. The Court agrees. A one-year statute of limitations applies to Section 2255 motions. The limitations period begins to run from the latest of:

> (1) the date on which the judgment becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

> States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the one-year statute of limitations began to run on March 28, 2016, which was the last day on which Petitioner could have filed an appeal from his sentence. *See Gillis v. U.S.*, 729 F.3d 641 (6th Cir. 2013) (conviction becomes final and limitations period begins to run for a § 2255 petition when the time for direct appeal expires and no appeal has been filed); Fed. R. App. P. 4(b). Petitioner did not file his motion until September 22, 2017. As such, his motion is time-barred and must be dismissed.

However, as set forth below, even if Petitioner had filed a timely motion, he would not be entitled to relief under § 2255.

### A. Constitutional Violations

Petitioner argues that his original sentence was imposed in violation of his constitutional rights because he waived his preliminary and detention hearings without the benefit of a translator, and because he was never informed of his appeal rights. Both of these contentions are contradicted by the record. The Court provided Nikki Brown as an interpreter and Tom Conway as defense counsel for Petitioner at his initial appearance. *See* Docket, July 31, 2015. In fact, the Court rescheduled the initial appearance so that an interpreter could be provided to Petitioner. *Id.* He signed and executed waivers of the preliminary and detention hearings on that day, with

3

his attorney present. (Docs. 4 and 5). Further, the Court advised Petitioner that he had a right to appeal his conviction and sentence at his sentencing hearing on March 14, 2016, where Dinorah Bialostosky interpreted for Petitioner. (Doc. 27, PageID #149).

### B. Ineffective Assistance of Counsel

Petitioner also argues that his counsel was ineffective because counsel failed to (1) investigate which laptop belonged to petitioner; (2) inquire whether Petitioner intended or knowingly received the pornographic images; (3) inform defendant that cooperation would result in a lower sentence; (4) determine if movant was eligible for a reduction under § 1B1.3; and (5) argue double jeopardy.

In order to establish an ineffective assistance of counsel claim, Petitioner must demonstrate both counsel's deficient performance and prejudice resulting from that inadequate performance. *Strickland v. Washington*, 466 U.S. at 668, 687; *Ross v. United States*, 339 F.3d 483, 491-92 (6th Cir. 2003). Specifically, under the second prong of *Strickland,* Petitioner must show a reasonable probability that, but for his attorney's errors, the proceedings would have produced a different result. *Strickland*, 466 U.S. at 694.

Petitioner argues that his counsel was ineffective for failing to investigate the laptop and inquire into whether Petitioner intended or knowingly received pornographic images. These arguments fail because Petitioner confessed to intentionally downloading the images. During the search warrant execution at Petitioner's residence, he (with the aid of an interpreter) gave a voluntary interview to the FBI in which he confessed to using a peer-to-peer network to search for, download, and save child pornography from the internet onto his computer. (Doc. 15, PageID# 50). Petitioner identified the laptops found at his residence, and the FBI's forensic

4

analysis confirmed Petitioner's account. *Id.* Petitioner's January 7, 2016 interview with the probation department (with the aid of an interpreter and Petitioner's attorney) also confirmed these facts. *Id.* at 53. Petitioner acknowledged his conduct and apologized in a written statement. *Id.* Given Petitioner's admissions and the FBI's forensic evidence, Petitioner's defense counsel had no reason to investigate the ownership of the laptops or Petitioner's intent. Defense counsel has no duty to raise claims which lack a legal basis. *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001); *Goff v. Bagley*, 601 F.3d 445, 469 (6th Cir. 2010). Petitioner' argument in this regard is without merit.

Petitioner also argues that defense counsel was ineffective for failing to inform him that cooperation would lead to a lower sentence. The Government responds that the United States did not seek cooperation from Petitioner in this case because Petitioner was the sole defendant and had nothing to offer the United States. Moreover, Petitioner cannot establish that cooperation would have resulted in a lower sentence. The Court agrees. Petitioner's claim that cooperation would have yielded him a lower sentence is speculative, and defense counsel's failure to discuss cooperation with Petitioner does not render his representation ineffective.

The Court also rejects Petitioner's argument that defense counsel was ineffective for failing to determine if Petitioner was eligible for a reduction under U.S.S.G. § 1B1.3. Petitioner has not explained why U.S.S.G. § 1B1.3 would have impacted his sentence in any way and has failed to articulate a basis on which his sentence was improperly computed.

Finally, Petitioner argues that defense counsel was ineffective for failing to argue that double jeopardy applied to his case. The Government argues that double jeopardy could not have applied to Petitioner's case because Counts 1 and 2 involved different crimes on different dates

5

with different images.  The Court agrees with the Government.  Petitioner was convicted of two separate crimes based upon separate conduct.  Double jeopardy does not apply.

**C.  Sentencing pursuant to 18 U.S.C. § 3553**

Petitioner argues that he was not sentenced according to 18 U.S.C. § 3553.  However, the record contradicts Petitioner's argument.  The Court considered the factors delineated in § 3553 during sentencing and found the sentence to be sufficient but not greater than necessary to satisfy the purposes of sentencing.  (Doc. 27, PageID# 149).  Petitioner's defense counsel and translator were also present at his sentencing hearing.

**CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 20) is denied.  The Court also finds that an evidentiary hearing is unnecessary.  No hearing is necessary where the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  *Wright v. U.S.*, 320 Fed. Appx. 421, 426 (6th Cir. 2009). Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 2/5/18